IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CV-595-BR3

| | |
|---|---|
| CAROLYN P. KEEN, Administratrix of the Estate of Gene Ted Keen<br>　　　　Plaintiff<br><br>v.<br><br>DOUBLE DOWN TRANSPORTATION, LLC AND JEFFERY S. KOCH<br>　　　　Defendants | DEFENDANTS' MEMO IN SUPPORT OF THEIR MOTION TO BAR TESTIMONY BY ERNIE MALLARD AND GARY ALBRECHT, WHO ARE PURPORTEDLY EXPERT WITNESSES FOR THE PLAINTIFF |

## NATURE OF THE CASE

The above-captioned civil action is a wrongful death claim filed by the plaintiff, Carolyn Keen ("Plaintiff"), against the defendants Jeffery Koch ("Koch") and Double Down Transportation, LLC ("Double Down"), for money damages as a result of the death of Gene Ted Keen ("Mr. Keen") on April 30, 2003. At the time of the accident, Mr. Keen was operating a farm tractor, towing a transplanter, on U.S. Highway 264, near Wilson, North Carolina. U.S. Highway 264 is a four-lane, high speed highway, with two travel lanes in each direction, a grassy median, and wide shoulders. The speed limit is 65 miles per hour. Mr. Keen was operating his tractor in the right-hand lane of traffic, at a speed of approximately 15 miles per hour.

Immediately prior to the accident, Defendant Koch was operating a truck (for Double Down Transportation), following behind another truck, at a speed of approximately 65 miles per hour. The lead truck overtook Mr. Keen's tractor and veered



left into the passing lane, thus avoiding a collision with Mr. Keen's tractor. When the lead truck cleared to the left, Mr. Koch got his first glimpse of the tractor, and he was unable to stop in time to avoid a collision, or to veer left into the passing lane due to the existence of traffic to his left. Mr. Koch's truck struck Mr. Keen's tractor, and Mr. Keen's leg was seriously injured. Mr. Keen received prompt medical attention, but he died a few hours later from blood loss.

## THE SCHEDULING ORDER

On September 19, 2003, counsel for the parties filed a Joint Rule 26(f) Report that proposed a Discovery Plan calling for the following deadlines for designating expert witnesses and providing opposing counsel with copies of their reports: (a) February 15, 2004 for the plaintiff, and (b) March 15, 2004 for the defendants. On August 23, 2003, Magistrate Judge Webb entered an order adopting the parties' proposed schedule for expert witness designation, and establishing the deadlines set out in the foregoing sentence of this Memo.

No subsequent orders have been entered by the Court to alter those deadlines, and those deadlines have long ago passed.

Counsel for Plaintiff Keen has not provided any expert witness reports to counsel for the defendants. The only information provided regarding these two individuals was provided in the Plaintiff's Initial Disclosures, served in October, 2003. At that time, the plaintiff identified Mr. Mallard as an accident reconstructionist who would opine that the Keen tractor was proceeding in a straight line in the westbound, right-hand lane of Highway 264, at the time of the accident. No written report or supporting

documentation has been provided to the undersigned counsel for the defendants. The Plaintiff's Initial Disclosures identified Mr. Albrecht as an economist who would opine on the "economic elements" of the wrongful death of Mr. Keen. No written report or supporting documentation has been provided.

This case is set for trial, commencing on September 7, 2004.

## ARGUMENT

The federal rules require the advance disclosure of expert witnesses. Fed.R.Civ. P. 26(a)(2)(A). Fed.R.Civ.P. 26(a)(2)(B) requires that such disclosure

> be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; and exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as any expert at trial or by deposition within the preceding four years.

Rule 26 goes on to require that the disclosures "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). The times and sequence for expert designation in this case were explicitly set out in the parties' Joint Rule 26(f) Report, which was adopted by Magistrate Judge Webb's Order of August 23, 2003.

The plaintiff failed to comply with the deadline that was applicable to her. The plaintiff has not requested that the Court extend the deadline, and no orders that have been entered by the Court purport to do so.

Rule 26 was amended in 1993 to impose "on parties a duty to disclose ... certain basic information that is needed ... to prepare for trial or make an informed decision about settlement." Fed.R.Civ.P. 26(a) Advisory Committee Notes (1993). The purpose of the 1993 amendments was to speed up the discovery of this information, while at the same time, reducing the amount of paperwork involved in discovering this information. Id.

The Court has broad power to regulate the discovery process. Rule 26 and Rule 37 of the Federal Rules of Civil Procedure provide specific authority to do so, and the Court has inherent power to do so. See, e.g., United States v. Shaffer Equip. Co., 11 F.3d 450, 461-62, (4th Cir. 1993) ("Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates.") The Court should exercise its supervisory authority and bar Mr. Mallard and Mr. Albrecht from testifying in this case.

### A. Mr. Mallard's Testimony Should Be Excluded For Two Reasons.

Mr. Mallard's testimony should be excluded for two reasons. First of all, the plaintiff failed to comply with the requirements of Rule 26, as discussed above.

Secondly, Mr. Mallard's testimony is not relevant to any material issue in the case, and should therefore be excluded under Rule 402 of the Rules of Evidence. ("Evidence which is not relevant is not admissible.") Defendant Koch has stipulated that he was following too closely behind the vehicle in front of him, and that as a result, he was unable to stop, slow or change lanes in time to avoid colliding with Mr. Keen's tractor. Mr. Mallard's testimony would only be relevant to the issue of whether or not

Mr. Koch was negligent, and that is not in issue in the case. Mr. Mallard's expert testimony would, therefore, be irrelevant and inadmissible.

**B. Mr. Albrecht's Testimony Should Be Excluded Because Of Plaintiff's Rule 26 Violations.**

Mr. Albrecht has been identified by the plaintiff as "an expert in the field of forensic economics and [would] give opinions regarding the economic elements of the wrongful death of Gene Ted King." Plaintiff's Initial Disclosures.

This is precisely the situation in which Rule 26 requires the plaintiff to disclose to the defendants in detail, in advance, all of the information itemized in Fed.R.Civ.P. 26(a)(2)(B) in order for the defendants to be able to properly assess the plaintiff's claim and "to prepare for trial or make an informed decision about settlement." Plaintiff has provided no "written report prepared and signed by the witness"; no data considered by the witness; no exhibits to be used as a summary of or support for the opinions; and no information concerning how much the witness is being paid for his services. All in violation of the requirements of Rule 26.

**C. Sanctions For Failure To Comply.**

Under Rule 37, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." Fed.R.Civ.P37(c)(1). This sanction is self-executing. Fed.R.Civ.P.37(c)(1) Advisory Committee Notes (1993).

## CONCLUSION

For the above-stated reasons, the undersigned counsel for the defendants respectfully requests that the Court exclude Ernest Mallard and Gary Albrecht from giving expert testimony in the trial of this matter.

Respectfully submitted this 27th day of August, 2004.

JORDAN PRICE WALL GRAY JONES & CARLTON

By: *[signature]*
Joseph E. Wall (#4533)
P.O. Box 10669
Raleigh, NC 27605
(919) 828-2501
Counsel for Defendants

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the above Memorandum in Support of Motion to Bar Testimony upon counsel of record, postage paid, First Class, in the United States Mail addressed as follows:

> W. Earl Taylor, Jr., Esq.
> Attorney at Law
> 605 West Nash Street
> Wilson, NC 27893
> (served by fax, as well as by mail)

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

By: *[signature]* August 27, 2004.
Joseph E. Wall (#4533)
Counsel for Defendants
P.O. Box 10669
Raleigh, NC 27605